UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RICHARD ROE, an individual,<br><br>　　　　　Plaintiff,<br>v.<br><br>CITY OF ATLANTA,<br>CADUECEUS OCCUPATIONAL<br>MEDICINE, LLC,<br>ALTON GREENE, M.D. and<br>RAMANA DHARA, M.D.,<br><br>　　　　　Defendants. | Civil Action File No.:<br><br>1:08-CV-2799-MHS |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION
TO RECONSIDER ORDER GRANTING DEFENDANT CITY OF
ATLANTA'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Richard Roe files this Brief in Support of his Motion to Reconsider this Court's Order granting City of Atlanta's ("COA's") motion for summary judgment pursuant to Fed. R. Civ. P. 59(e).

**I. INTRODUCTION**

Plaintiff requests that this Court reconsider only the part of its Order entered on November 23, 2010 (Order, Doc. 175), that granted Defendant COA's motion for summary judgment; Plaintiff does not request that the Court reconsider its

decision regarding Defendants Caduceus Occupational Medicine, LLC ("Caduceus"), and Alton Greene, M.D. (" Dr. Greene").

**As explained below, Plaintiff respectfully submits that this Court misconstrued the full impact and consequence of the controlling Eleventh Circuit precedent set forth in *Lowe v. Ala. Power Co.*, 244 F.3d 1305 (11th Cir. 2001), and that this Court should reconsider its Order to correct a manifest error of law and prevent manifest injustice to Plaintiff.**

## II.  RELEVANT FACTS

Plaintiff brought this action challenging COA's refusal to hire him as an Atlanta Police Department ("APD") police officer based on his positive HIV test results.  Specifically, Plaintiff sought damages for the COA's violations of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* (the "ADA") and § 504 of the Federal Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794 *et seq.* (the "Rehabilitation Act").

In January 2006, Plaintiff began the application process with the COA for the position of police officer.  Order at 2.  As part of his pre-employment physical, Plaintiff had blood drawn by Caduceus, the company that contracted with the COA to conduct pre-employment physical examinations for police officer applicants. Order at 3.  The blood test revealed that Plaintiff was HIV positive.  *Id.*  Dr. Greene, an employee of Caduceus, informed Plaintiff that he would recommend to

COA that there be limitations on Plaintiff's physical contacts in relation to his employment as a police officer. *Id.* Specifically, Dr. Greene recommended to COA that Plaintiff should have "no contact with individuals; no physical involvement with individuals." Order at 4; Greene Dep. at 112:20-24. Subsequently, COA did not hire Plaintiff as a police officer. *Id.*

This Court's Order rejected COA's argument that Plaintiff was presumptively disqualified as a police office because he failed to disclose his HIV status and several other medical conditions in connection with his job application. Order at 9. The Court found that the after-acquired evidence rule proscribes a defendant from introducing evidence that it did not know about at the time it took the adverse action in order to escape liability. Order at 9.

In Defendant COA's Brief in Support of its Motion for Summary ("COA's Brief")(Doc. 119-1), COA did not argue that Plaintiff failed to meet the essential job functions of a police officer or even set forth what the essential functions of the job are. Brief at 13. Instead, in the second half of its discussion under the subheading "Plaintiff is Not Able to Perform the Essential Elements of The Job," the COA simply stated, without any evidentiary support, that Plaintiff was not a qualified individual pursuant to the ADA's 'direct threat' exception." COA's Brief at 12-15. Nonetheless, separately from its ruling on the direct threat issue, the Court ruled that Plaintiff was unable to show he could perform the essential

3

functions of the job, despite the fact that COA had not argued any issue regarding qualifications besides for a supposed direct threat presented by the Plaintiff. Order at 10.

Finally, with respect to the issue of "direct threat" actually raised by Defendant COA in its motion for summary judgment, the Court found that "COA did not make an individualized assessment of Roe and his ability at the time to safely perform the essential functions of the job as required by the ADA." Order at 13. Among other things, Plaintiff submitted evidence on summary judgment that COA admitted that it does not consider HIV to be a medically disqualifying condition for applicants to become police officers. COA's Resp. to Pl.'s Fourth Request for Admissions, No. 17. The Court's Order acknowledges this admission. Order at 15. Despite this finding and the evidence presented by Plaintiff regarding the direct threat issue, however, the Court ruled that "plaintiff has failed to produce probative evidence to meet the burden here." Order at 17-18.

### III.  STANDARD

Fed. R. Civ. P. 59(e) provides: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of a judgment." Plaintiff has complied with time requirement of the Rule by filing this motion within 28 days.

Local Rule 7.2.E. provides that a motion for reconsideration not be filed as "a matter of routine practice" and that it be filed within 28 days after the entry of

the order.  This motion is not being filed as a matter of routine practice.  Plaintiff has also complied with the time requirement of the Local Rule.

"[A] motion for reconsideration serves that limited purpose of correcting manifest errors of law or fact, or in certain circumstances, calling newly discovered evidence to the Court's attention.  *Paper Recycling, Inc. v. Amoco Oil Co.*, 856 F. Supp. 671, 678 (N.D.Ga. 1993).  This Court should exercise the discretion available to it under law and reconsider its Order to correct a manifest error of law and prevent manifest injustice to Plaintiff.

### IV.  ARGUMENT AND CITATIONS OF AUTHORITY

**A.   It Is Improper to Base Summary Judgment on Plaintiff's Showing Regarding His Ability to Perform the Essential Functions of a Police Officer Unrelated to the Direct Threat Issue When COA Did Not Argue That Point.**

Almost twenty years ago, the Eleventh Circuit held that a "district court may grant summary judgment on an issue only if a party moves for summary judgment on that issue." *Easterwood v. CSX Transp., Inc.*, 933 F.2d 1548, 1556 (11th Cir. 1991).  This former blanket rule has been modified to allow a district court, if it recognizes a possibly meritorious basis not raised by the moving party, to raise the issue *sua sponte* "[a]fter giving notice [to the nonmoving party] and a reasonable time to respond."  Fed. R. Civ. P. 56(f); see *Yates v. GMAC Mortg. LLC*, No. 1:10-CV-02546-RWS, 2010 U.S. Dist. LEXIS 133785 (N.D. Ga. Dec. 17, 2010).  Here,

COA did not raise any argument concerning Plaintiff's meeting the objective requirements of the position of police offer, and the Court should not have based its ruling on Plaintiff's silence on a point not put at issue by COA's motion, at least not without notifying Plaintiff of such a possibility and allowing a response.

In its opening brief, COA explained generic principles regarding establishing a prima facie case for being deemed "qualified." COA described the legal inquiry as "two steps," the first being a review of "the prerequisites for the position, such as the appropriate educational background, employment experience, skills or license" and ability to perform the essential functions of the job. COA's Brief at 13 and n.20. Per COA, the second step of the "qualified" inquiry is whether Plaintiff posed a direct threat. *Id.* at 13-17. It was only in the direct threat discussion that COA advanced arguments that Plaintiff was not "qualified." COA never asserted any issue regarding whether Plaintiff satisfied the "prerequisites" for the position; nor did COA's brief or statement of facts even allude to what those prerequisites and essential functions were. In short, COA's motion and brief did not put Plaintiff on notice of any need to produce evidence regarding his basic qualifications for the position. *John Deere Co. v. American Nat'l Bank*, 809 F.2d 1190, 1191 (5th Cir. 1987) (mention in movant's brief that plaintiff had suffered no injury did not validate summary judgment entered on that ground, where the "point [was] not argued as a ground for summary judgment . . . [and] certainly was

not raised by the [movant] in a manner that would be sufficient to put [nonmoving party] on notice that failure to present evidence of damages could be grounds for summary judgment.").

    Indeed, it was especially unfair to Plaintiff not to have notice of any issue about meeting prerequisites, because Eleventh Circuit law sets an easy threshold for employees and job applicants needing to make this prima facie showing. In *Vessels v. Atlanta Indep. Sch. Sys.*, 408 F.3d 763 (11th Cir. 2005), the court held, for a prima facie case, a "plaintiff need only show that he or she satisfied an employer's objective qualifications," which in that case were "the requisite education, years of experience, and state certification levels that [the employer] specified." *Id*. at 768-69. Any subjective criteria, even if legitimate, can "have no place in the plaintiff's initial prima facie case" because "we have made clear that the prima facie case is designed to include only evidence that is objectively verifiable and either easily obtainable or within the plaintiff's possession." *Id.; accord Roper v. City of Foley*, 177 Fed. Appx. 40, 48 (11th Cir. 2006) ("plaintiff met his prima facie case, "applying the employer's objective qualifications, [that] he was at least minimally qualified for the lieutenant position.").

**B.     In the Eleventh Circuit, an Employer Cannot Be Granted Summary Judgment on a Direct Threat Defense Unless It Conducted an Individualized Assessment of the Plaintiff's Ability to Perform Safely the Essential Functions of the Job.**

This Court correctly cited the most relevant controlling authority on the direct threat defense – *Lowe v. Ala. Power Co.*, 244 F.3d 1305 (11th Cir. 2001) – for its holding regarding what undertaking by the employer will be deemed to satisfy the ADA's requirement to conduct an individualized assessment of the plaintiff's ability to perform safely the essential functions of the job.  Order at 14.  However, the Court neglected to apply *Lowe*'s holding regarding the **consequence** to the employer of having failed to make the necessary particularized inquiry – namely, that the employer is not entitled to summary judgment based on direct threat.  *Lowe* at 1308.

In *Lowe*, the employer denied the plaintiff, a double amputee, a position as a tool-room mechanic because of restrictions placed on the plaintiff after a "cursory" examination conducted by the employer's physician many months before the plaintiff applied for the position.  *Lowe*, 244 F.3d at 1306.  In reversing the district court's grant of summary judgment for the employer, the Eleventh Circuit noted that: "The restrictions were also based, at least in part, on [the physician's] assumption that all double amputees have the same limitations."  *Id.* at 1309.  This, the *Lowe* court held, was inappropriate because "an employer must point to particularized facts about the specific condition to support its decision."  Citing to

8

*Bragdon v. Abbott*, 524 U.S. 624 (1998), the *Lowe* court stated that "a good-faith belief that a significant risk of harm exists is insufficient if it is not grounded in medical or other objective, scientific evidence." *Lowe*, 244 F.3d at 1308. Because the employer did not conduct the necessary individualized assessment of the plaintiff's abilities, the Eleventh Circuit held that a grant of summary judgment in the employer's favor was improperly granted. *Id.* at 1306 (". . . since Alabama Power's company physician did not base his decision to restrict Lowe's work activity on a timely, particularized assessment of Lowe's capabilities, summary judgment was improperly granted.").

This is almost precisely the situation in the case currently before this Court. Defendant COA conducted a medical examination revealing only that Plaintiff had HIV – and COA's physician did nothing to assess the effects of Plaintiff's HIV on his ability to perform the essential functions of the job. In fact, the employer has failed to even establish what the essential functions of being a police officer are in this case. Defendant COA's Brief at 12. Instead, relying on Dr. Greene's assumption that all individuals with HIV have the same limitations, Defendant COA denied Roe employment as a police officer. Granting summary judgment to the employer under these circumstances is squarely prohibited by *Lowe*.[1]

---

[1] The cases cited by the Court in support of its ruling that Plaintiff cannot meet his minimal burden in establishing a *prima facie* case regarding direct threat, *Moses v. American Nonwovens, Inc.*, 97 F.3d 446 (11th Cir. 1996) and *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275 (11th Cir. 2001), are inapposite here, because those cases appear to involve an employer that conducted the required

Furthermore, *Lowe's* requirement to conduct a particularized inquiry into any threat posed by the plaintiff's disability is directed entirely at the defendant-employer. *See Lowe*, 244 F.3d at 1308 (" . . . *an employer* must point to particularized facts . . .") (emphasis added); *id.* at 1308 ("The key inquiry is whether *the employer* made a reasonably informed and considered decision . . . .") (emphasis added); *id.* at 1309 ("Alabama Power's [the *employer's*] decision . . . was not based, therefore, on particularized facts using the best available objective evidence as required by the regulations.") (emphasis added). *Lowe* does not impose a heightened burden on the plaintiff – particularly in establishing a *prima facie* case – to engage in a particularized inquiry or to preemptively negate a defendant's possible assertion of the direct threat defense.[2] That is especially true here, where the Defendant COA has not collected or presented *any* evidence regarding a direct threat presented by Roe's HIV. The evidence Plaintiff submitted

---

individualized assessment. And, unlike here, these opinions certainly do not include a finding that such an assessment did *not* occur. *Moses* rejected the employee's assertion that the employer failed "to investigate his condition" by pointing out that the employer "knew he was taking medication for his epilepsy but that his medication was not controlling his seizures." *Moses*, 97 F.3d at 448. *Waddell* specifically states that "[d]uring the next week. . . [the dentist-employer] studied his stockpile of dental journals to glean information about the transmission of HIV in the dental context. The Centers for Disease Control and Prevention ("CDC") also was consulted concerning the risk of transmission." *Id*. at 278. Furthermore, the opinion does not reflect that Mr. Waddell challenged the individualized assessment performed by the dentist-employer. In short, *Lowe*'s holding that a defendant who fails to perform the requisite assessment on direct threat will be denied summary judgment on that defense, is not undermined by the discussion in *Moses* and *Waddell,* where the assessment was not found lacking.

[2] Furthermore, this is in keeping with the holding in *Moses v. American Nonwovens, Inc.*, 97 F.3d 446 (11th Cir. 1996). *Moses* did not increase or enhance the plaintiff's burden in establishing a *prima facie* case of disability discrimination; rather *Moses* made clear that, in the Eleventh Circuit, the burden of persuasion as to direct threat remains with the plaintiff, even after the defendant has legitimately raised the issue and, presumably, presented some quantum of evidence with respect to it.

on summary judgment regarding the direct threat issue – namely, COA's admission that HIV in general is not an disqualifying condition for employment as a police officer, coupled with the fact that COA conducted no individualized inquiry from which it might be able to establish that Roe's HIV *in particular* presented a direct threat – is more than sufficient to discharge Plaintiff's burden in establishing a *prima facie* case of disability discrimination.[3]

## V. CONCLUSION

Because: 1) the only issue Defendant COA identified as a basis for its argument that Plaintiff will be unable to prove he is qualified to perform the essential functions of a police officer was COA's unsupported contention that Plaintiff's HIV presents a direct threat; 2) *Lowe* prevents COA from prevailing on the direct threat issue, because COA did not engage in the necessary particularized inquiry; and 3) Plaintiff nonetheless discharged his *prima facie* burden to show he was qualified to safely perform the essential functions of the job, granting summary judgment in COA's favor was manifest error and will result in manifest injustice to the Plaintiff. For the foregoing reasons stated herein, this Court should grant Plaintiff's motion for reconsideration.

---

[3] In fact, because COA has no admissible evidence on the direct threat issue, Plaintiff will not only be able to discharge his burden in establishing a *prima facie* case, but is also likely to prevail on this issue should COA attempt to assert the direct threat defense.

Dated: December 21, 2010                    Respectfully submitted,

                                        **THE KOVAL FIRM, LLC**

                                        By: <u>s/Steven H. Koval</u>
                                        Steven H. Koval
                                        Georgia Bar No. 428905
                                        Attorney for Plaintiff

                                        3575 Piedmont Road
                                        15 Piedmont Center, Suite 1020
                                        Atlanta, GA  30305
                                        Telephone:  (404) 513-6651
                                        Facsimile: (404) 549-4654
                                        E-mail: SHKoval@aol.com

CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), this is to certify that the foregoing complies with the font and point setting approved by the Court in Local Rule 5.1(B). This document was prepared on a computer, using Times New Roman 14 point font.

This 21st day of December, 2010.


s/Steven H. Koval
Steven H. Koval
Georgia Bar No. 428905
Attorney for Plaintiff

THE KOVAL FIRM, LLC
3575 Piedmont Road
15 Piedmont Center, Suite 1020
Atlanta, GA  30305
Telephone:  (404) 513-6651
Facsimile: (404) 549-4654
E-mail: SHKoval@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing brief by electronically filing this document with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification of such filing to Defendants' attorneys of record as follows:

Robert G. Tanner, Esq.

Robert N. Godfrey, Esq.

Kristi D.A. Matthews, Esq.

This 21st day of December, 2010.

                                           s/Steven H. Koval
                                           Steven H. Koval
                                           Georgia Bar No. 428905
                                           Attorney for Plaintiff

THE KOVAL FIRM, LLC
3575 Piedmont Road
15 Piedmont Center, Suite 1020
Atlanta, GA  30305
Telephone:  (404) 513-6651
Facsimile: (404) 549-4654
E-mail: SHKoval@aol.com